UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0224(1) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| BRIAN PETER MCQUILLAN, | |
| Defendant. | |

Justin A. Wesley, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede and Eric J. Riensche, FEDERAL DEFENDER'S OFFICE, for defendant.

Defendant Brian McQuillan is serving a 138-month sentence after pleading guilty to conspiracy to distribute methamphetamine. This matter is before the Court on McQuillan's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, McQuillan's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring

motions for release under § 3582(c)(1)(A).  Unfortunately, § 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf.  *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  The Eighth Circuit has not yet addressed this issue.  In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

McQuillan seeks release on the ground that he is at heightened risk from the COVID-19 pandemic due to obesity and a history of smoking.  It is true that these conditions place McQuillan at higher risk than a person who does not have these conditions,[1] but McQuillan is a relatively young man who is otherwise in good physical

---

[1] *See* Ctrs. for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medic
(continued...)

health. His risk is elevated, but not dramatically so. Moreover, FMC Rochester, where McQuillan is incarcerated, currently has the pandemic well under control, with only one inmate and no staff members with an active infection.[2] In addition, vaccination is underway at FMC Rochester; currently 265 staff members and 38 inmates have been fully vaccinated.[3] McQuillan states that he may soon be transferred to FPC Duluth; however, the pandemic is also well under control at that facility, with no inmates and only one staff member currently infected.[4] The Court therefore finds that McQuillan has not shown extraordinary and compelling reasons warranting a reduction in his sentence.[5]

The Court also finds that the factors in 18 U.S.C. § 3553(a) counsel against a reduction in McQuillan's sentence. McQuillan has served less than half of his 138-

---

[1](...continued)
al-conditions.html (Feb. 22, 2021) (listing history of smoking and obesity as risk factors).

[2]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 23, 2021).

[3]*Id.*

[4]*Id.*

[5]The Court notes that, in his initial pro se motion, McQuillan highlighted his desire to assist his father, who is elderly and in ill health. *See* ECF No. 161. While the Court is sympathetic to the difficulties his father faces, having an elderly parent in need of assistance is a common occurrence that does not, in the Court's view, constitute an extraordinary and compelling circumstance. *Cf.* U.S.S.G. § 1B1.13, cmt. n.1(C) (setting forth family circumstances that meet the "extraordinary and compelling" standard).

month sentence, which itself represents a significant downward variance from his applicable sentencing-guidelines range of 188 to 235 months.  The Court granted this sizeable variance notwithstanding several aggravating factors, including that McQuillan's current offense represents his second federal drug-trafficking conviction and that he committed it while still on probation for two other felonies.  In the Court's view, a further reduction in McQuillan's sentence would result in a sentence that would fail to adequately reflect the seriousness of McQuillan's offense, adequately deter McQuillan and others from committing crimes in the future, adequately protect the public, or achieve the other goals of § 3553(a).  McQuillan's motion is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion of defendant Brian Peter McQuillan for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 161] is DENIED.

Dated:  February 23, 2021               s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge