UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0224 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| BRIAN PETER MCQUILLAN, | |
| Defendant. | |

---

Brian Peter McQuillan, pro se.

Defendant Brian McQuillan is serving a 138-month sentence after pleading guilty to conspiracy to distribute methamphetamine. This matter is before the Court on McQuillan's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, McQuillan's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), however, the guideline by its terms is

limited to motions filed by the BOP.  Consistent with *United States v. Marcussen*, 15 F.4th 855 (8th Cir. 2021), the Court continues to treat § 1B1.13 as a useful guide in determining how to exercise its discretion while also recognizing that it has the authority to grant a reduction even in circumstances that do not comport with the terms of that provision.

In October 2020, McQuillan moved for compassionate release, citing various health conditions that increased his risk of serious complications from COVID-19.  *See* ECF No. 161.  The Court denied the motion, pointing out, among other things, that McQuillan's risks were only mildly elevated, and that there was only one COVID infection at FMC Rochester (where he was confined).  ECF No. 173.  Fortunately for McQuillan, however, the BOP decided in August 2021 to allow him to serve the balance of his sentence in a halfway house and then in home confinement.  ECF No. 176 at 1. McQuillan is currently living in accommodations provided by his brother.  *Id.* at 3.  He is allowed to go to work (he holds a steady job, with benefits, as a painter), attend church, and care for his aging grandmother.  *Id.* at 2.

McQuillan has nevertheless moved again for compassionate release, this time seeking early release from home confinement.  The Court referred McQuillan's motion to a screening panel.[1]  On October 21, 2022, the Court was informed that the panel had

---

[1]During the pandemic, the District of Minnesota set up a screening process to
(continued...)

completed its work and that the Federal Defender's Office had decided not to represent McQuillan in this proceeding.

In his motion, McQuillan complains that home confinement is inconvenient for him and makes it difficult for him to help his family with a number of responsibilities, including caring for his aging grandmother. McQuillan's sister and aunt tend to his grandmother, who resides in a senior residence, but McQuillan emphasizes that it can be difficult for his family to manage the time needed to properly care for her. *Id.* McQuillan notes that if the Court were to grant his motion for a sentence reduction, he would be able to shoulder more responsibility with his grandmother, attend his son's sporting events, travel to see his daughter in Arizona, move in with his fiancée to co-parent their children, improve his credit, and purchase a car. *Id.*

McQuillan has done very well, justifying the BOP's decision to allow him to serve the balance of his sentence on home confinement. And the Court appreciates McQuillan's desire to help with his grandmother and be more involved with his family. But under § 3582(c)(1)(A)(i), the Court may reduce a defendant's sentence only for "extraordinary and compelling reasons." There is absolutely nothing "extraordinary"

---

[1](...continued)
assist judges in handling the large volume of compassionate-release motions. The screening panel includes personnel from the Court, the United States Attorney's Office, and the Federal Defender's Office, and the panel is assisted as needed by United States Pretrial and Probation Services and the Bureau of Prisons.

or "compelling" about McQuillan's desire to help out and spend more time with his family. It is a desire that is likely shared by every single person serving a prison sentence.

It bears emphasizing that McQuillan is still serving a sentence for committing a serious crime. McQuillan has already been treated with leniency—first by this Court (which gave him a sentence that was far below the sentence recommended by the Sentencing Guidelines) and then by the BOP (which allowed him to serve much of his sentence in a halfway house or on home confinement). The inconvenience created by home confinement does not provide an "extraordinary and compelling reason" to reduce McQuillan's sentence even further.

The Court also finds, as it did when considering McQuillan's prior motion under § 3582(c)(1)(A)(i), that the factors in 18 U.S.C. § 3553(a) counsel against a reduction in McQuillan's sentence. As noted, McQuillan has already been treated with great leniency, despite several aggravating factors in his record. The Court continues to believe that a further reduction in McQuillan's sentence would result in a sentence that would fail to adequately reflect the seriousness of McQuillan's offense, adequately deter McQuillan and others from committing crimes in the future, adequately protect the public, or achieve the other goals of § 3553(a).

For these reasons, McQuillan's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the motion of defendant Brian Peter McQuillan for a

sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 176] is DENIED.

Dated:  October 25, 2022                          s/Patrick J. Schiltz
                                                            Patrick J. Schiltz
                                                            United States District Judge